**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4392**

───────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

      versus

STEVEN MARK MACKIE,

                                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, Chief District Judge. (CR-03-7-SGW)

───────────

Submitted: October 29, 2004      Decided: December 7, 2004

───────────

Before LUTTIG, WILLIAMS, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

John P. Fishwick, Jr., LICHTENSTEIN, FISHWICK & JOHNSON, P.L.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Jill Lowell, Third-year Practice Law Student, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Steven Mark Mackie appeals from the district court's order authorizing the Bureau of Prisons to administer forced or involuntary antipsychotic medication to Mackie in order to render him competent to stand trial. Mackie was indicted in January 2003 for federal firearms offenses. At his guilty plea hearing, the district court questioned Mackie's mental condition and his competence to stand trial; accordingly, the court directed a psychiatric examination.

At a hearing held on February 19, 2004, the evaluating psychologist from FCI Butner, Dr. Wiener, testified that Mackie was incompetent to stand trial and that only medication would restore his competency. Dr. Sarrazin, a staff psychiatrist from FCI Springfield, also evaluated Mackie and testified that he found Mackie incompetent to stand trial. According to Dr. Sarrazin, Mackie suffers from "a psychotic disorder, most likely schizophrenia." Sarrazin further stated that "absent intervention with antipsychotic medications, it is very unlikely that [Mackie's] mental status will change in any appreciable amount in the near future."

Based on Dr. Wiener's and Dr. Sarrazin's testimony, the district court made the following factual findings:

> 1. Mackie is presently suffering from a mental disease rendering him incompetent to stand trial to the extent that he is

unable to assist properly with his defense.

2. While incompetent, Mackie does not pose an increased risk of danger to himself or others because of his mental disorder.

3. With atypical antipsychotic and/or other appropriate medication, there is a substantial likelihood that Mackie can be restored to competency within a reasonable time.

4. Although there is a small probability, the proposed medication is not substantially likely to cause any serious side effects or any side effects that could interfere significantly with Mackie's ability to assist in his defense.

5. Atypical antipsychotic and, if needed, alternative forms of medication are medically appropriate.

6. Less intrusive means of treatment, such as group or individual therapy, are unlikely to restore Mackie to competency.

The district court denied Mackie's motion for reconsideration; he has timely appealed.

In Sell v. United States, 539 U.S. 166 (2003), the Supreme Court held that the Government may involuntarily medicate a mentally ill defendant to render him competent for trial if: [i] there are important governmental interests in trying the individual; [ii] the treatment will significantly further those interests; [iii] the treatment is necessary to further those interests, considering any less intrusive alternatives; and [iv] the treatment is medically appropriate. See id. at 180-81. Our

review of the record and the district court's opinions discloses no error in the district court's application of the <u>Sell</u> factors in ordering forced medication.  Accordingly, we affirm for the reasons stated by the district court.  <u>See</u> <u>United States v. Mackie</u>, No. CR-03-7-SGW (W.D. Va. Feb. 26, 2004, and May 12, 2004).

We deny Mackie's pro se motion for appointment of counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>